IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM HASSAN MILHOUSE,[1]    :
                                 :
      Petitioner    :    CIVIL NO. 1:16-CV-00618
                                 :
  vs.                   :
                                 :
WARDEN DAVID EBBERT,    :    (Judge Rambo)
                                 :
      Respondent    :

**MEMORANDUM**

**Background**

On April 14, 2016, Kareem Hassan Milhouse, a prisoner confined at the United States Penitentiary, Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) On August 8, 2016, the court issued a memorandum and separate order dismissing Milhouse's petition and closing the case. (Docs. 7 and 8.) The court incorporates herein by reference the reasoning set forth in the memorandum of August 8, 2016. On September 15, 2016, Milhouse filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and

---

[1]. Petitioner is a frequent litigator in this court and other courts. At times his surname has been spelled as "Millhouse." However, in all of the cases his Federal Bureau of Prisons' number remained the same, i.e., 59904-066.

(b)(4).  Rule 60(b)(3) authorizes the court to set aside a judgment for fraud, misrepresentation, or misconduct of an opposing party.  Under Rule 60(c)(1) such a motion must be filed within one year after the entry of judgment. Milhouse has not presented any allegations of or evidence  which would establish fraud, misrepresentation or misconduct of an opposing party.

  Rule 60(b)(6) authorizes a court to set aside a judgment for "any other reason that justifies relief." A motion under this provision must be filed within a "reasonable time."  Again Milhouse has not presented any allegations or evidence which would justify setting aside the court's judgment.

  To the extent that the motion can be construed under the Local Rules as one for reconsideration it was untimely filed.[2] Furthermore, Milhouse has not met the

---

2. Local Rule 7.10 provides that "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned."

standard for this court to reconsider the memorandum and order dismissing his petition for writ of habeas corpus.[3]

---

[3]. A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).

Consequently, the court will deny Milhouse's motion for relief from judgment.

    An appropriate order will be entered.

                         s/Sylvia Rambo
                         SYLVIA H. RAMBO
                         United States District Judge