IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM HASSAN MILHOUSE, | : | |
| Petitioner, | : | |
| | : | No. 1:16-CV-00618 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN DAVID EBBERT, | : | |
| Respondent | : | |

**MEMORANDUM**

**I.   Background**

On April 14, 2016, Kareem Hassan Milhouse, a prisoner confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In his petition, Milhouse challenged the disciplinary proceedings for possession of a weapon and destroying Government property (a mattress), which resulted in the loss of 68 days of good time credit. (Id.) Milhouse asserted that there was insufficient evidence to support the charges. (Id.)

On August 8, 2016, the Court issued a Memorandum and Order dismissing Milhouse's petition and closing the case. (Doc. Nos. 7 and 8.) On September 15, 2016, Milhouse filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and (b)(6). (Doc. Nos. 11 and 12.) By Order dated November 7, 2016, the Court denied Milhouse's motion for relief from judgment. (Doc. Nos. 13 and 14.) Milhouse appealed the Court's decision to the Third

1

Circuit which affirmed this Court. (Doc. Nos. 27, 28.) On October 13, 2017, Milhouse filed another motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(2),(3), and (6). (Doc. Nos. 25 and 26.)

II.  **Discussion**

A motion under Rule 60(b) "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c). Under Fed.R.Civ.P. 60(b), "the court may relieve a party...from a final judgment, order, or proceeding for the following reasons: … (2) newly discovered evidence...; (3) fraud...misrepresentation, or misconduct by an opposing party; … or (6) any other reason that justifies relief."

To the extent that the motion can be construed under the Local Rules as one for reconsideration, it is untimely filed. Local Rule 7.10 provides in pertinent part: "Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." Here, the Court entered an Order dated August 8, 2016, dismissing the habeas petition and closing this case. (Doc. No. 8.) Milhouse's instant motion was filed over a year later on October 13, 2017. (Doc. No. 25.) Consequently, the motion is untimely filed.

Furthermore, Milhouse's motion pursuant to Federal Rules of Civil Procedure 60(b)(2) and (3) is untimely filed as it was required to be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c). Again, the docket reflects that Milhouse's current motion was filed well after a year of the entry of the order dismissing this action. However, time restrictions aside, a motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v.

Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).

It is clear from Milhouse's instant motion that he again attempts to reargue unsuccessful theories. As set forth in this Court's November 7, 2016 Memorandum and Order dismissing Milhouse's petition and closing the case (Doc. Nos. 7 and 8), which the Court incorporates herein by reference, Milhouse was accorded all of his due process rights under Wolff and BOP regulations, and there was some evidence supporting the decision of the DHO. (Doc. No. 7 at 13; Doc. No. 28-1 at 3.) To the extent that Milhouse believes that the exhibit attached to his current motion constitutes "new evidence"; it does not. First, as set forth above, his motion is untimely. Fed.R.Civ.P. 60(c). Moreover, " 'new evidence', for reconsideration purposes, does not refer to evidence that a party … submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." Blystone v. Horn, 664 F.3d 397, 415-16 (3d Cir. 2011) (citations omitted). "Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." Id. There is no indication that the exhibit Milhouse now attaches to his instant motion was not

4

previously available. Nevertheless, as provided by the Third Circuit, even if this Court were to consider the exhibit attached to Milhouse's motion, that document does not undermine this Court's conclusion that some evidence supports the Hearing Officer's decision.

Consequently, the Court will deny Milhouse's motion for relief from judgment. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 5, 2018